# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

January 22, 2019

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

Timothy A. Waters
Phone: (212) 336-7601
twaters@pbwt.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/19

Re:   *Clark v. Transportation Alternatives, Inc.*, No. 18-cv-09985 (VM)

Dear Mr. Liebowitz:

As you know, we represent defendant Transportation Alternatives, Inc. ("TransAlt") in the above-referenced matter. We write pursuant to Rule II.B.1 of the Court's Individual Rules of Practice to inform you of our intent, if necessary, to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and seek a pre-motion conference in connection therewith. We intend to seek dismissal of the Complaint's sole claim of copyright infringement, on the basis of fair use.

You have filed a nuisance-value suit against a nonprofit because it posted a blog that critiqued and satirized a *New York Post* article that happened to use plaintiff's allegedly copyrighted photograph. This is a clear-cut case of fair use, and one capable of resolution on the pleadings. Because fair use defeats the asserted copyright claim as a matter of law, we do not expect that amendment or other measure short of voluntary dismissal can remedy the deficiency.

## A.   Factual Background

TransAlt is a 501(c)(3) non-profit organization that advocates for improvements to New York City's bicycling, walking, and public transit infrastructure, with the goal of reducing urban automobile traffic. TransAlt maintains a website featuring, *inter alia*, a "Daily Bike Forecast," which is a public blog written by an individual known as "Bike Snob NYC." (*See* Cmplt. ¶ 6, Ex. C). The blog provides cyclists with daily weather and route information, and offers pro-cycling commentary on current events, including news articles involving cycling issues. (*See id.*, Ex. C).

This action concerns the Daily Bike Forecast blog post for August 7, 2018. Part of that blog post critiqued news articles concerning cycling issues. (*Id.*). One of the news articles critiqued was a *New York Post* article published the day prior, entitled "Dockless Bikes Are Already Clogging NYC Sidewalks." (*Id.*). The blog included a screenshot of the top portion of the *Post* article, including the article's headline and lead photograph, and quotes four sentences from the article. (*Id.*). Plaintiff claims copyright over the photograph used in the *Post* article, which is a snapshot of a dockless bicycle on an unidentified public street. (*Id.* ¶¶ 7-9). Plaintiff's claim in this action rests entirely on the fact that the blog's screenshot of a portion of the *Post* article included the allegedly copyrighted photograph.

The blog post criticized and satirized the *Post* article. For example, the blog critiqued what it saw as inconsistencies in the *Post* article's argument: "Wait, are the bikes 'clogging NYC sidewalks,' or are there not enough of them?" (*Id.*, Ex. C). The blog also satirized what it viewed as the melodramatic tone of the *Post* article: "Still, spare a thought for the Rockaway resident who sometimes sees bikes remain in the same place fore [*sic*] three (3) whole days. . . . Why not just move the bike yourself if it's bothering you so much?" (*Id.*). The blog argued that the *Post* article's hand-wringing over bicycle parking was foolish because improperly parked cars create a much greater nuisance. (*Id.*). And, importantly, the blog directly criticized both the composition of plaintiff's allegedly copyrighted photograph and the *Post* article's use of that photograph, saying: "that bike appears to be parked rather considerately, and the only thing in the photo clogging the sidewalk is that mail cart." (*Id.*).

## B.    Fair Use

TransAlt's reproduction of plaintiff's photograph for purposes of "criticism, comment," and satire constitutes quintessential fair use and, therefore, "is not an infringement of copyright." 17 U.S.C. § 107. The Complaint therefore fails as a matter of law and must be dismissed.

### 1.    Fair Use May Be Resolved on a Motion to Dismiss

It is "entirely appropriate" under the circumstances presented here for the Court to decide issues of non-infringement—including TransAlt's fair use defense—at this early stage of the proceeding. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *see also, e.g., BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F. Supp. 3d 499, 505 (S.D.N.Y. 2015). Affirmative defenses may be adjudicated on the pleadings "where the facts necessary to establish the defense are evident on the face of the complaint." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). In copyright, where the original and allegedly infringing works appear within the complaint itself or are attached as exhibits or incorporated by reference, the court has before it "all that is necessary" to make a fair use determination. *See Peter F. Gaito Architecture, LLC*, 602 F.3d at 64; *BWP Media*, 87 F. Supp. 3d at 505; *see also Cariou v. Prince*, 714 F.3d 694, 707-08 (2d Cir. 2013) (discussing approvingly *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)); *Arrow Prods. v. Weinstein Co., LLC*, 44 F. Supp. 3d 359, 367-68 (S.D.N.Y. 2014) (finding fair use at pleadings stage and noting "[a]ll that is necessary for the court to make a determination as to fair use are the two [works] at issue").

That is precisely the case here. This dispute requires comparison of only two items: the allegedly copyrighted photograph and the blog post commenting on it. Both appear, in full, as exhibits to the Complaint. (*See* Cmplt., Exs. A, C). The entirety of the *Post* article, to the degree relevant, is incorporated by reference. Because TransAlt's fair use is evident from the blog post itself, the pleadings provide all the Court needs to decide fair use at this stage.

### 2.    TransAlt's Fair Use Defense Requires Dismissal

Fair use requires consideration of four non-exclusive factors: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of

2

the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107. Review of the blog post shows that each factor weighs in favor of fair use, thus requiring dismissal of the Complaint.

The first factor considers whether TransAlt's use is transformative or commercial. Transformative uses lie at the heart of the fair use doctrine, and are evidenced by the "altered purpose or context of the work" as well as "surrounding commentary or criticism." *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg LP*, 756 F.3d 73, 84 (2d Cir. 2014). The blog post's use of the photograph for criticism and satirical commentary was plainly transformative. *See Weinberg v. Dirty World LLC*, 2017 U.S. Dist. LEXIS 221759, at *20-21 (C.D. Cal. July 27, 2017) (finding transformative use where blog was "directly critical of the subject of the [photo], in stark contrast to the [photo's] original positive use"); *see also Katz v. Google, Inc.*, 802 F.3d 1178, 1182 (11th Cir. 2015); *Konangataa v. ABC*, 2017 U.S. Dist. LEXIS 95812, at *2-3 (S.D.N.Y. June 21, 2017). And the non-commercial use of the photograph is plain both on the face of the blog post and from the fact that TransAlt is a non-profit advocacy organization. *See Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 353 (S.D.N.Y. 2017). Accordingly, the first factor strongly weighs in favor of fair use.

The second factor—which considers whether the copyrighted work is "expressive or creative" and "published or unpublished," *Cariou*, 714 F.3d at 709—also favors fair use. The photograph at issue is a purely factual snapshot and had been previously published in the *Post*.

At the third factor, the inquiry is "whether the amount copied is reasonable in relation to the purported justifications for the use under the first factor." *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 96 (2d Cir. 2014). Reasonableness, in turn, depends on the extent to which TransAlt's use was transformative. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 588 (1994). Here, because the entire photograph was necessary for the blog post's critical and satirical commentary concerning both the foreground (the parked bicycle) and the background (the mail cart) of the photograph, the factor favors fair use. *See Ferdman v. CBS Interactive, Inc.*, 2018 U.S. Dist. LEXIS 162835, at *49 (S.D.N.Y. Sept. 21, 2018).

The fourth factor considers whether TransAlt's use "usurps the market of the original work." *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 481-82 (2d Cir. 2004). The blog post used the photograph for transformative criticism—of the photograph itself and the *Post* article in which it appeared—and therefore did not, on its face, offer a substitute good usurping plaintiff's licensing market to news outlets. Because the law gives plaintiff "no protectable derivative market for criticism" of his work, *Campbell*, 510 U.S. at 592-93, this factor also favors fair use.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant.

SO ORDERED.

1-23-19
DATE
VICTOR MARRERO, U.S.D.J.

cc: The Honorable Victor Marrero (*via facsimile*)

Respectfully submitted,

Timothy A. Waters

3