

**Liebowitz Law Firm, PLLC**
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

January 24, 2019



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/19

**VIA FAX**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007-1312

Re:   <u>Clark v. Transportation Alternatives, Inc., 1:18-cv-09985 (VM)</u>

Dear Judge Marrero:

　　　We represent *New York Post* photographer Dennis Clark in the above-referenced action and write in opposition to Defendant Transportation Alternatives, Inc. ("Defendant")'s request for a pre-motion conference to file a motion to dismiss the complaint based on the fair use doctrine, 17 U.S.C. §107(c).

　　　Defendant's chief argument is that because it qualifies for tax-exempt status as a 501(c)(3) organization, it necessarily has a license to expropriate intellectual property from working-class photojournalists without their authorization and without paying the customary licensing fee. By the same token, would Defendant also have the right, by virtue of its tax-exempt status, to steal food from a restaurant or shoplift merchandise from a department store for a charitable cause? We do not believe so.

**A.　Notwithstanding Defendant's Tax-Exempt Status, The First Factor (Purpose and Character of Use) Weighs Against Fair Use**

　　　Aside from asserting its non-for-profit status, none of the factors weigh in favor of fair use. With respect to the first factor, the Supreme Court holds that "[t]he promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report' of the [work]." *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 557 (1985). Defendant's use of plaintiff's photograph of a dockless bicycle on a New York City sidewalk to illustrate a news report about dockless bikes is wholly untransformative. The law in this Circuit is crystal clear: no transformation exists where the image is merely used as an illustrative aid to depict the subjects described in the news article. *See, e,.g, Barcroft Media, Ltd. v. Coed Media Group, LLC*, No. 16-cv-7634 (JMF), 2017 WL 5032993 (S.D.N.Y. Nov. 2, 2017) (rejecting fair use where defendant's argument, "if accepted, would eliminate copyright protection any time a copyrighted photograph was used in conjunction with a news story about the subject of that photograph."); *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 196 F.Supp.3d 395, 407

Liebowitz Law Firm, PLLC

Liebowitz Law Firm, PLLC

(S.D.N.Y. 2016) (not transformative where the secondary use of "photograph seems intended as a general illustration of the [celebrity] couple"); *Ferdman v. CBS Interactive, Inc.*, No. 17-cv-1317 (PGG), 2018 WL 4572241, at *12 (S.D.N.Y. Sept. 24, 2018) (the "Article involves the use of an image solely to present the content of that image. Such a use is not transformative"); *Hirsch v. Complex Media, Inc.*, 18-cv-5488 (CM), 2018 WL 6985227 (S.D.N.Y. Dec. 10, 2018) (denying Rule 12 motion on fair use where "Complex has not established that its Video did anything more than merely describe the subject of Hirsch's Photograph, newsworthy or not. That conduct alone does not suffice as transformative."). "Newsworthy contents will rarely justify unlicensed reproduction; were it otherwise, photojournalists would be unable to license photos, and would effectively be out of a job." *BWP Media USA*, 196 F. Supp. 3d at 406 n.6.

Defendant argues that its infringing article is transformative because it criticizes the New York Post's position on dockless bicycles. But Plaintiff doesn't claim any copyright ownership in the New York Post article or its accompanying text. He owns the Photograph and there is no commentary or criticism directed at the Photograph itself. As the courts in this District have made repeatedly clear, to qualify for the fair use privilege, the news reporting or commentary must be directed at the copyrighted work itself, i.e., the Photograph at issue. *See, e.g., Barcroft*, 2017 WL 5032993, at *6 (in the context of news reporting, a photograph may be transformed where "the copyrighted work is itself the subject of the story, transforming the function of the work in the new context . . . [thus,] "a depiction of a controversial photograph might fairly accompany a work of commentary or criticism about the artistic merit or appropriateness of the photograph."); *Konangataa v. Am. Broadcasting Companies, Inc.*, No. 16-CV-7382 (LAK), 2017 WL 2684067, at *1 (S.D.N.Y. June 21, 2017) ("Defendants and other news outlets reported on the Video [of a woman giving birth] and offered social commentary about the phenomenon of someone publicly live-streaming a life event that traditionally is considered personal."); *accord Otto v. Hearst Communications, Inc.*, 17-cv-4712-GHW, *2018 WL 651801* at *8 (S.D.N.Y. December 10, 2018) (rejecting fair use defense on summary judgment but noting that secondary use may be transformative where defendant reports on a controversy that arose because of the copyrighted photograph itself); *see also Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 25 (1st Cir. 2000) (fair use found where salacious photograph of Miss Puerto Rico Universe was published by newspaper to comment on the controversy surrounding the very existence of the photographs).

**B.    The Second Factor (Nature of the Work) Weighs Against Fair Use**

The second factor examines the "nature of the copyrighted work." 17 U.S.C. § 107(2). "Photographic images of actual people, places and events may be as creative and deserving of protection as purely fanciful creations." *Monster Communications, Inc. v. Turner Broadcasting*, 935 F.Supp. 490, 494 (S.D.N.Y. 1996). Here, the photograph at issue depicts a simple subject that has been artfully composed using a creative angle. As far as bicycle photos are concerned, Clark's image is highly original. In any event, "courts traditionally have also afforded this factor little weight, characterizing it as 'rarely [ ] determinative.'" *Hirsch v. Complex* at *7

**C.    The Third Factor (Amount and Substantiality) Weighs Against Fair Use.**

The third factor bearing on fair use is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). The question is whether "the

2

Liebowitz ⊙ Law Firm, PLLC

quantity and value of the materials used are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586. The Court should consider whether the portion taken is "essentially the heart" of the copyrighted expression. *NXIVM Corp.*, 364 F.3d at 480 (citation omitted). As a quantitative matter, Defendant has taken the entire full-color photograph. This fact alone weighs against fair use. *See Associated Press v. Meltwater*, 931 F.Supp.2d at 558 ("appropriation of a copyrighted work in its entirety weighs against a finding of fair use").

As a qualitative matter, Defendant has used more of the copyrighted work than was necessary to accomplish its purpose of news reporting. *See Rogers v. Koons*, 960 F.2d at 311. The Photograph was reproduced by Defendant in full color without any visible modification or alteration. Defendant's wholesale reproduction of the Photograph, without any aesthetic alteration, demonstrates the image's qualitative value. *See Harper & Row*, 471 U.S. at 565 ("the fact that a substantial portion of the infringing work was copied verbatim is evidence of the qualitative value of the copied material, both to the originator and to the plagiarist who seeks to profit from marketing someone else's copyrighted expression."). Moreover, Defendant's copying of the Photograph was unnecessary to achieve Defendant's news reporting purpose. There were several legal alternatives available to Defendant: (1) Defendant could have commissioned its own photographer to photograph a dockless bicycle; (2) Defendant could have published its news story *without* any photo whatsoever; or (3) Defendant could have obtained a license directly from Plaintiff. Defendant has failed to show why its republication of the Photograph was necessary to its own article.

### D. The Fourth Factor (Market Harm) Weighs *Heavily* Against Fair Use.

With respect to the fourth factor, because Defendant copied a full-color, full-scale image in its entirety and did nothing to transform it aesthetically, Plaintiff is entitled to *Sony's* presumption of market harm. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 450 (1984) (holding that "every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright"); *see also Ferdman*, 2018 WL 4572241, at *19 (applying *Sony*'s presumption of market harm to news reporter's use of Spiderman photographs where the secondary use was non-transformative).

Defendant's secondary use impairs the actual market for Clark's photograph because there was a fully functioning market demand for his work. *See Associated Press*, 931 F.Supp.2d at 559 ("Where there is a fully functioning market for the infringer's use of the copyrighted material, it will be difficult for the infringing party to show that it made fair use without paying a licensing fee"). Defendant's unauthorized posting of the Photograph made it unlikely that the market would purchase the Photograph from Plaintiff and therefore diminished the licensing value of the copyright. Moreover, if the Court were to find fair use based solely on Defendant's tax-exempt status, then every non-profit would enjoy a blanket license to steal photographs.

Based on the foregoing, Defendant's proposed motion to dismiss should be DENIED.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.

SO ORDERED.

1-24-19
DATE    VICTOR MARRERO, U.S.D.J.

Respectfully Submitted,

/s/richardliebowitz/
Richard Liebowitz

3