

**Liebowitz Law Firm, PLLC**
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 306
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

February 27, 2019

<u>**VIA FAX**</u>

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/19
```

Re:　<u>Clark v. Transportation Alternatives, Inc.</u>, 1:18-cv-09985 (VM)

Dear Judge Marrero:

　　　　We represent Plaintiff Dennis Clark ("Plaintiff") in the above-captioned case. We write in response to Defendant's letter, dated February 22, 2019 [Dkt. #18]. In addition to those reasons cited in our initial opposition letter [Dkt. #14], Plaintiff respectfully submits the following:

**A.　Given the "Dearth of Cases" Where Fair Use Has Been Decided on Rule 12, Plaintiff Respectfully Requests the Court's Leave to File a Formal Opposition Brief**

　　　　If the Court is inclined to entertain the fair use defense on Rule 12, Plaintiff respectfully requests the opportunity to submit a formal brief in opposition given the factual and legal complexity of the issues at hand.

　　　　While "it is possible to resolve the fair use inquiry on a motion to dismiss under certain circumstances," "there is a dearth of cases granting such a motion." *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F. Supp. 3d 499, 505 (S.D.N.Y. 2015) (citing *M. Shanken Commc'ns, Inc. v. Cigar500.com*, No. 07 Civ. 7371 (JGK), 2008 WL 2696168, at *10 (S.D.N.Y. July 7, 2008) (noting that a similarly situated defendant could not identify "any cases in this Circuit that have granted a motion to dismiss on the grounds of fair use").

　　　　This is because "the determination of fair use is a mixed question of fact and law." *Hirsch v. Complex Media, Inc.*, No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *5 (S.D.N.Y. Dec. 10, 2018) (denying Rule 12 motion premised on fair use of New York Post photograph); *Hirsch v. CBS Broad. Inc.*, No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *6 (S.D.N.Y. Aug. 4, 2017) (same) (citing *Swatch Grp. Mgmt. Serv. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 83 (2d Cir. 2014)). "The Second Circuit has noted that in the context of the Lanham Act resolution of a fair use defense for use of a trademark 'often requires consideration of facts

## Liebowitz Law Firm, PLLC

outside of the complaint and is thus inappropriate to resolve on a motion to dismiss.'" *Hirsch v. CBS* at *6 (citing *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)). "The same principle holds true in copyright cases, because determination of fair use of a copyright is a similarly 'open-ended and context-sensitive inquiry' that is "fact-driven[]." *Id.* (internal quotations and citations omitted).

Plaintiff respectfully submits that adjudication of the fair use defense should be deferred until summary judgment. Factual issues exist concerning the first factor, i.e., whether Defendant consulted a copyright lawyer on the fair use defense before it decided to expropriate the Photograph without authorization. *See Bridgeport Music, Inc. v. *1166 UMG Recordings, Inc.*, 585 F.3d 267, 279 (6th Cir. 2009) (a defendant must take "reasonable steps to assure fair use before infringement," not as a "post-hoc rationalization concocted to skirt liability.") (citation omitted). Further, with respect to the fourth factor, there is an issue of fact as to whether Plaintiff, a professional photojournalist, could reasonably expect to receive licensing fees from Defendant's secondary use.

**B.     Defendant Fails to Cite Any Authority From this Circuit to Support its Position**

With respect to the merits, Defendant has failed to cite any authority in its second Letter [Dkt. # 18] to support its position that criticizing the *text* of a news article permits a secondary user to expropriate the *photograph* that was published in connection with that news article. Defendant's infringing news article did not comment on any political or social controversy surrounding the very existence of the image itself. Instead, Defendant simply republished the Photograph as an illustrative aid to comment on the underlying article. In this Circuit, such use is not transformative. *See, e,.g, Barcroft Media, Ltd. v. Coed Media Group, LLC*, No. 16-cv-7634 (JMF), 2017 WL 5032993 (S.D.N.Y. Nov. 2, 2017) (rejecting fair use where defendant's argument, "if accepted, would eliminate copyright protection any time a copyrighted photograph was used in conjunction with a news story about the subject of that photograph."); *Ferdman v. CBS Interactive, Inc.*, No. 17-cv-1317 (PGG), 2018 WL 4572241, at *12 (S.D.N.Y. Sept. 24, 2018) (the "Article involves the use of an image solely to present the content of that image. Such a use is not transformative"); *Hirsch v. Complex at *6* (denying Rule 12 motion on fair use where "Complex has not established that its Video did anything more than merely describe the subject of Hirsch's Photograph, newsworthy or not. That conduct alone does not suffice as transformative.").

Defendant's argument rests on its alleged criticism of the New York Post article. But Clark is not the copyright owner of the New York Post article; he owns the Photograph which is a separate and independent copyrightable asset. Had Defendant wanted an image of a bicycle, it could have commissioned its own photograph; or it could have licensed the image from Plaintiff.

Respectfully Submitted,

/s/richardliebowitz/
Richard Liebowitz

*Counsel for Plaintiff Dennis Clark*

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff.

SO ORDERED.

3-1-19
DATE            VICTOR MARRERO, U.S.D.J.